"White, C. J.
We see no error in the judgment of the district court.
Whether Knisely, the maker of the note, is entitled, as against Evans, to be credited with the payment made by him as garnishee, depends upon the effect of the process, of garnishment with which he was served in the attachment proceeding of Hummell & Brother against Arnold,, the payee of the note.
The answer to this question is to be found in the statute-under which the proceedings in attachment were had.
But before referring to the statute, it will be well to understand the relation of the parties to the note.
The note was negotiable, and was indorsed to Evans, for value, after maturity. The fact, however, that it was overdue, did not destroy its negotiability. It was still competent for Arnold, the payee, to invest Evans with the full, legal title, by indorsement.
The effect of the indorsement was to make the indorsee,, instead of the payee, the creditor of the maker. Erom the time of the indorsement and delivery, the relation of debtor and creditor arose between the maker and Evans,, and ceased between the maker and Arnold. Nor, in the-absence of statutory requirement, is the indorsee bound to-notify the maker of the indorsement, in order to perfect-his title. Baxter v. Little et al., 6 Met. 10; Davis v. Miller, 14 Gratt. 1.
In order to obtain the process of garnishment, the code- (§ 200) provides, that “ when the plaintiff, his agent or attorney, shall make oath, in writing, that he has good reason to, and does, believe, that any person or corporation, ■in said affidavit named, has property of the defendant in. his possession (describing the same), if the officer can not get possession of such property, he shall leave with such garnishee a copy of the order of attachment, with a written, *162 notice that he appear in. court and answer, as provided in section two hundred and fourteen.”
By section two hundred and fourteen, the garnishee is required to answer, under oath, all questions put to him touching the property, of every description, and credits of the defendant, in his possession or under his control, and is required to disclose truly the amount owing by him to the defendant.
Section two hundred and five declares that the order of ■attachment binds the property attached from the time of ■service, and that the garnishee shall stand liable to the •plaintiff in attachment, for all property, moneys, and credits in his hands, or due from him to the defendant, from the ■time he is served with the written notice.
Erom these provisions, it is apparent that the process of .garnishment could only operate on what Knisley, the garnishee, might bo owing Arnold, the defendant in attachment, at the time of the service of notice. Prior to this -service of notice, the note in question had passed, by indorsement, to Evans. There was, therefore, at the time •of service, nothing owing by Knisely to Arnold, as respects the note, to be garnisheed.
The fact that Knisely, in answering as garnishee, admitted that he was still indebted to Arnold, can not prejudice Evans. The latter was no party to the proceeding, -and is not concluded by it. The answer of Knisely was •doubtless unadvisedly made. Before answering as he did ^and submitting to judgment, he ought to have informed himself whether Arnold still held his note. He admitted •to be true what was not true in fact; but he can not visit the consequence of his mistake upon Evans, who was in no •way privy to its commission.
It is claimed by counsel for plaintiff in error that the defense is authorized by section three of the act relating to ■negotiable instruments. 1 S. & C. 862.
The section provides, in respect to promissory notes, that if the indorsee of a note indorsed after maturity shall institute an action thereon against the maker, the defendant *163 ■shall be allowed to set up the same defense that he might have done, had the action been instituted in the name and for the use of the person to whom the note was originally made payable.
Without undertaking now to define the scape of the operation of this section, it is sufficient in the present case, to say, that independent of the process of garnishment, the payment by Knisley 'to Hummell & Brother would have constituted no defense to an action instituted on the note by the payee himself. And, as already shown, the process of garnishment constitutes no defense, for the reason that, .at the time of service, the garnishee was not indebted to Arnold, the defendant in attachment, the note having previously been indorsed and delivered to Evans.

Judgment affirmed.